ORTIZ, PETITIONER AND APPELLANT, *v.* MUNICIPAL JUDGE OF COAMO, RESPONDENT AND APPELLEE (TORRES & ENSEÑAT, INTERVENORS AND APPELLEES).

APPEAL from the District Court of Ponce in Certiorari Proceedings.

No. 1768.—Decided April 18, 1918.

SUMMONS—SERVICE—JUDGMENT.—Failure to endorse on the back of the copy of a summons the place and date of its service does not render the summons void. It is a mere defect upon which the trial court, under the power granted to it by section 140 of the Code of Civil Procedure, may set aside its judgment in the interest of justice and in accordance with the circumstances in each particular case submitted to it for consideration.

The facts are stated in the opinion.

*Messrs. A. Quintana Cajas* and *Rafael R. Rivera Zayas* for the appellant.

*Mr. Carlos Brunet* for the appellee intervenors.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Ponce denying a petition for a writ of certiorari.

Torres & Enseñat brought an action of debt against Felipe Ortiz in the Municipal Court of Coamo. He was duly summoned in compliance with all the formalities of law except the requirement of the last paragraph of section 92 of the Code of Civil Procedure, as we shall see later. He did not answer; his default was entered and judgment was rendered against him. A few days after the judgment was rendered the defendant moved the court to set it aside on the ground that the summons served on him was null and void. The court heard the defendant and overruled his motion on the authority of the case of *Llorens* v. *Castillo,* 22 P. R. R. 624. The defendant then petitioned the District Court of Ponce for a writ of certiorari, which, as we have said, was denied by the said court.

Section 92 of the Code of Civil Procedure, as enacted in 1904, contained no provision regarding any endorsement on the back of the copy of a summons served on the defendant. In 1911 this provision was added:

"Upon the copy of the summons being served it will be endorsed on the back by the officer serving it, with a literal copy of the service and its date as appearing on the original." (Comp. 1911, sec. 5076.)

Act No. 8 of 1915 amended that part of the said section so that it should read as follows:

"Upon serving the copy of the summons the person serving the same shall endorse thereon the date and place where it was served, and shall sign such endorsement. It shall not be necessary to make a literal copy of the return as shown in the original."

As has been said, all the formalities of the law were complied with in this case; that is, the defendant was summoned in due form by delivering to him a copy of the complaint and of the summons, but nothing was endorsed on the copy to show the date and place of delivery.

Therefore, the violation of the statute is plain and the only question to be considered is the effect that it may have as regards the judgment rendered against the defendant. Is the said judgment absolutely void because the court rendered it without having acquired jurisdiction over the person of the defendant, or does the omission merely constitute a ground upon which, in the interest of justice and in the exercise of the powers conferred upon it by section 140 of the Code of Civil Procedure, the court which rendered the judgment may set it aside, according to the circumstances of each case submitted to its consideration?

It should be observed that in the particular case under consideration the defendant did not allege that he had been led into error by the failure to endorse the place and date of service on the copy delivered to him for the purpose, for instance, of computing the time for answering, or that he had been prejudiced in any other way, but he only alleged that the summons was totally void and that therefore the judgment based on it was ineffective. It should also be noticed that the summons referred to is the second one served upon the defendant in this suit, which has been pending since the year 1910.

This question has come up before this court on two occasions; namely, in the case of *García* v. *Brignoni et al.*, 22 P. R. R. 331, and in the case of *Llorens* v. *Castillo, supra,* both decided in 1915. In the first case it was held that the alleged defect was evident and the violation of the law clear, but that as the defendant had submitted to the jurisdiction of the court by voluntary appearance, we had no occasion to consider the effect which the omission may have had as to the jurisdiction of the court. In the second case this court went deeper and held that the omission referred to was a mere irregularity which did not substantially affect the rights of the defendant or void the summons. 22 P. R. R. 624.

The appellant has not cited in his brief any jurisprudence

contrary to that laid down by this court, nor does he give
any weighty reason for a change of opinion on the part of
this court. This being so, applying the rule established in
the *Llorens case, supra,* and it not having been shown that
the defendant was prejudiced in any substantial right, we
must conclude that the Municipal Court of Coamo committed
no error and that the judgment of the District Court of
Ponce of October 6, 1917, should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and
Hutchison concurred.